UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CRAIG WESTON,

                     Plaintiff,

      – against –

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-2839 (PKC)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Craig Weston ("Plaintiff"), proceeding *pro se*, brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's ("SSA") denial of his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Defendant has moved unopposed for judgment on the pleadings. (Dkt 10.) For the reasons set forth below, the Court denies the Commissioner's motion. The case is remanded for further proceedings consistent with this Order.

## BACKGROUND

      On October 17, 2012, Plaintiff filed an application for SSI, claiming that he had been disabled since May 21, 2012. (Tr. 83.)[1] The claim was initially denied on December 6, 2012. (Tr. 97.) After his claim was denied, Plaintiff requested a hearing on February 1, 2013 and appeared for a hearing before an administrative law judge ("ALJ") on July 21, 2014. (Tr. 26-80, 121-22.) By decision dated May 18, 2015, ALJ Lori Romeo found that Plaintiff was not disabled within the meaning of the Social Security Act from October 17, 2012, his application date, through May 18, 2015, the date of the ALJ's decision. (Tr. 97.) On June 3, 2015, Plaintiff requested a review of the decision by ALJ Romeo (Tr. 22) and the Appeals Council denied the request for review on March 15, 2017 (Tr. 4-6). However, the

---

[1] All references to "Tr." refer to the consecutively paginated Administrative Transcript.

Appeals Council also found that Plaintiff had filed an application for DIB, but the ALJ had only adjudicated Plaintiff's claim for SSI. (*Id.*) Despite this error, the Appeals Council *sua sponte* found that Plaintiff was last insured for DIB on December 31, 2010, which was before Plaintiff's onset date of May 21, 2012. According to the Appeals Council, because Plaintiff was not insured on the alleged onset date, the Appeals Council concluded that Plaintiff was not entitled to DIB. (*Id.*) Based upon these denials, Plaintiff timely filed this action seeking reversal or remand of ALJ Romeo's May 18, 2015 decision and the Appeals Council's March 15, 2017 decision.

## DISCUSSION

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). If there is substantial evidence in the record to support the Commissioner's factual findings, they are conclusive and must be upheld. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

The ALJ's decision regarding Plaintiff's SSI application and the Appeals Council's decision regarding Plaintiff's DIB application are wholly irreconcilable with each other and must be remanded. The Appeals Council denied Plaintiff's DIB claim on the grounds that "[t]he evidentiary record establishes that claimant was last insured . . . on December 31, 2010" and, therefore, "as the claimant was *not insured* for disability in or after the calendar quarter in which he alleged he was disabled, the Council finds that the claimant was not entitled" to DIB. (Tr. 5 (citing Tr. 196, 201) (emphasis added).) By contrast, in his application for SSI, the ALJ initially

found that Plaintiff had insurance through either February *2013* or through February *2014*. (Tr. 105.) The findings of the ALJ and Appeals Council cannot both be true, and "[s]ince disability-benefits proceedings are non-adversarial in nature, it is well-established the ALJ has an affirmative obligation to develop a complete administrative record." *Bernadel v. Comm'r of Soc. Sec.*, No. 14-CV-5170 (PKC), 2015 WL 5719725, at *10 (E.D.N.Y. Sept. 29, 2015); *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508-09 (2d Cir. 2009). Although the ALJ asked for more information about Plaintiff's Medicaid record during the hearing, it is not clear what information, if any, she received. (Tr. 75, 455-60; *but see* Tr. 440-41.) "Failure to develop the record may be grounds for remand" and, in this case, the Court finds that the failure to develop the record concerning Plaintiff's insured status is grounds for remand of both Plaintiff's DIB and SSI applications. *Bernadel*, 2015 WL 5719725, at *10 (citing *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999)); *see also Medori v. Colvin*, No. 13-CV-6408 (FPG), 2015 WL 417669, at *12 (W.D.N.Y. Jan. 30, 2015) (remanding where "the ALJ did not improperly assess Plaintiff's statements . . . regarding his inability to afford medical care and medications due to a lack of health insurance").

Additionally, the Court finds that the ALJ's assessment of Plaintiff's credibility also warrants remand. The ALJ found Plaintiff's statements about his condition to be not fully credible because, *inter alia*, "the record shows that the claimant . . . did not receive treatment [from February 2013] until June of 2014. While the claimant stated in testimony that this was due to not having insurance, it is hard to believe that a person in that much medical pain could go a year and four months without returning to a doctor or an emergency room to receive treatment or get help." (Tr. 105.) The ALJ concluded that Plaintiff's condition was not as limiting as Plaintiff testified and that he "did not need medications daily" or consistently. The ALJ further noted that Plaintiff received no treatment or renewed his medications after February 2013 (because he was uninsured);

yet, he still "had medications left over [after February 2013] and he took those medications through June 2014." (*Id.*)  The Court finds it was "improper" for the ALJ "to discredit [Plaintiff's] reports regarding [his pain and the limiting nature of his condition]—the critical issue[s] in this matter—based on [his] insurance issues." *Hoyle ex rel. L.M. v. Comm'r of Soc. Sec.*, No. 16-CV-6395 (PKC), 2018 WL 566444, at *4 (E.D.N.Y. Jan. 26, 2018); *cf. Gallishaw v. Comm'r of Soc. Sec.*, 296 F. Supp. 3d 484, 500 (E.D.N.Y. 2017).  Indeed, it was improper, if not callous, for the ALJ to suggest that because Plaintiff was forced to ration his medication—"[l]ike small-taking some here, taking some there, when the pain is most severe or whatever"—because he was uninsured meant that he did not need medication for his condition or that his condition was not limiting.  (Tr. 48; *see also* Tr. 49-50 (claimant describing making "half a bottle" of his medications last a year and "us[ing] [his] heating blanket, stuff like that" in the interim for his pain).)  "Courts in this Circuit have observed that a claimant's credibility regarding [his] impairments should not be discounted for failure to obtain treatment []he could not afford." *Bernadel*, 2015 WL 5719725, at *14 ("In particular, the ALJ erred in drawing a negative inference from [plaintiff's] lack of treatment, which appears to be directly attributable to [his] indigence.") (collecting cases).  Furthermore, before he lost his insurance, Plaintiff was told by three separate treating sources that he had "reached maximum medical improvement" (Tr. 334) and "ha[d] shown no improvement of the symptoms for which he was originally evaluated and treated" (Tr. 311; *see also* Tr. 315, 335 (list of chiropractic visits)); *Shaw v. Chater*, 221 F.3d 126, 133 (2d Cir. 2000) ("Given the many times plaintiff was treated between his . . . accident and [February 2013], and that his condition did not improve, it was not unreasonable for him to discontinue those treatments, particularly in light of his testimony that he could not afford further medical care.").

Finally, it appears that ALJ Romeo's assessment of Plaintiff's credibility "was impaired by a misunderstanding of [Plaintiff's] testimony at his hearing." *Genier v. Astrue*, 606 F.3d 46, 50 (2d Cir. 2010). Despite finding that Plaintiff did not have insurance between February 2013 and June 2014, ALJ Romeo did not find Plaintiff's "statements [about when he had insurance] to be fully credible" because "later in [his] testimony the claimant conceded he had medical insurance *through February 2014*[,] and so it is not clear why treatment stopped in February 2013." (Tr. 105 (emphasis added).) Although Plaintiff gave confusing testimony at the beginning of the ALJ hearing about his insurance status (*compare* Tr. 28-29, 455-60 *with* Tr. 37), after the ALJ asked Plaintiff's counsel to consult with Plaintiff to clarify his insurance status (Tr. 45-46), counsel stated that Plaintiff's Medicaid "was cut off sometime after the [2012] accident[,]. . . . [and] since that time, he has not had any medical insurance up until" he reapplied in May of 2014 (Tr. 46-47, 439). In light of this record, and the ALJ's prior finding that Plaintiff did not have health insurance after February 2013, it is not clear how ALJ Romeo concluded that Plaintiff had health insurance through February 2014. Here, "[b]ecause the ALJ's adverse credibility finding, which was crucial to [her] rejection of [Plaintiff's] claim, was based on a misreading of the evidence, it did not comply with the ALJ's obligation to consider 'all of the relevant medical and other evidence,' and cannot stand." *Genier*, 606 F.3d at 50 (quoting 20 C.F.R. § 404.1545(a)(3)).

## CONCLUSION

For the reasons set forth above, the Court denies the Commissioner's motion for judgment on the pleadings. The Commissioner's decision is remanded for further consideration consistent with this Order. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: June 28, 2018
Brooklyn, New York